**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**TERRI C.,**

      **Plaintiff,**

**v.**                            **Case No.: 5:25-cv-00325**

**FRANK BISIGNANO,
Commissioner of Social Security,**

      **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

This action seeks a review of the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying Claimant's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401–433, and supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381–1383f. The matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court are the parties' cross motions for judgment on the pleadings, as articulated in their briefs. (ECF Nos. 7, 8).

Having fully considered the record and the arguments of the parties, the undersigned respectfully **RECOMMENDS** that the presiding Chief District Judge **DENY** Plaintiff's request for judgment on the pleadings, (ECF No. 7); **GRANT** Defendant's request to affirm the Commissioner's decision, (ECF No. 8); **AFFIRM** the

1

decision of the Commissioner; and **DISMISS** this action and **REMOVE** it from the docket of the Court.

## I.    <u>Procedural History</u>

On January 19, 2021, Plaintiff Terri C. ("Claimant") protectively filed DIB and SSI applications, alleging disability beginning November 16, 2020, due to a heart attack and diabetes. (Tr. at 666, 706). After her applications were denied initially and on reconsideration, Claimant requested an administrative hearing before an Administrative Law Judge ("ALJ"), which was held on November 2, 2023. (Tr. 441-81). Claimant, who was represented by counsel, testified along with a vocational expert. On December 28, 2023, the ALJ issued a decision finding Claimant not disabled from the alleged onset date through the date of the decision. (Tr. 393-418). The Appeals Council denied Claimant's request for review. (Tr. 1-7). Therefore, the ALJ's decision became the final decision of the Commissioner.

Claimant timely filed the present civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). (ECF No. 2). The Commissioner filed a Transcript of Administrative Proceedings (hereinafter "Tr."). (ECF No. 5). Claimant filed an Amended Brief seeking judgment on the pleadings, and the Commissioner filed a Brief in Support of Defendant's Decision. (ECF Nos. 7, 8). The reply period expired. Accordingly, the matter is fully briefed and ready for resolution.

## II.    <u>Claimant's Characteristics</u>

Claimant was 40 years old on her alleged onset date. (Tr. 410). She completed high school and previously worked as a waitress, caregiver, and cashier. (Tr. 707).

## III.    <u>Summary of ALJ's Decision</u>

Under 42 U.S.C. § 423(d)(5), a claimant seeking disability benefits bears the

burden of proving disability. The Social Security regulations establish a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If an individual is found "not disabled" at any step, benefits are denied. *Id.*

At step one, the ALJ found Claimant had not engaged in substantial gainful activity since November 16, 2020, the alleged onset date. (Tr. 399). At step two, the ALJ found Claimant had the following severe impairments: coronary artery disease, chronic systolic heart failure, ischemic cardiomyopathy, degenerative disc disease, anoxic brain injury, fibromyalgia, diabetes, bilateral neuropathy, obesity, major depressive disorder, and anxiety disorder. (*Id.*). At step three, the ALJ found Claimant did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 400–04).

Prior to considering steps four and five, the ALJ assessed Claimant's residual functional capacity ("RFC") and found that Claimant could perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with additional limitations. (Tr. 404–05). Specifically, the ALJ determined that Claimant:

> [I]s capable of occasional operation of foot controls bilaterally. She is capable of occasional overhead reaching bilaterally and frequent reaching in all other directions bilaterally. She is able to handle and finger items frequently bilaterally. She is able to climb ramps and stairs, stoop, kneel, crouch, and crawl occasionally. She should never balance or climb ladders, ropes or scaffolds. The claimant needs a cane for balancing and ambulating on all surfaces. She should never work at unprotected heights or around moving mechanical parts. She is capable of occasional operation of a motor vehicle. She is able to work in weather, humidity and wetness, atmospheric conditions, extreme cold, extreme heat, and vibration occasionally. The claimant is able to perform simple work in a routine work environment with no fast-paced production requirements.

(*Id.*).

At step four, the ALJ found Claimant could not perform her past relevant work. (Tr. 410). At step five, the ALJ found that, considering Claimant's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Claimant could perform. (Tr. 410–12). Therefore, the ALJ found Claimant was not disabled from November 16, 2020, through the date of the decision. (Tr. 412).

## IV.    **Claimant's Challenge to the Commissioner's Decision**

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to discuss and weigh the testimony of Claimant's mother, Mescal Rose. (ECF No. 7 at 13). Claimant acknowledges that the ALJ mentioned that Ms. Rose "testified that when her daughter had a heart attack, she performed cardiopulmonary resuscitation (CPR) for approximately 20 minutes before the fire department arrived. She also stated she had issues with memory loss." (*Id*. at 14). However, according to Claimant, the ALJ completely disregarded Ms. Rose's testimony regarding the severity and frequency of Claimant's symptoms, including and beyond memory loss, as well as her limitations on activities of daily living. (*Id*.).

The Commissioner responds that the ALJ properly evaluated the record and that substantial evidence supports the decision. The Commissioner maintains that the ALJ considered the relevant evidence and reasonably determined that Claimant retained the capacity to perform a reduced range of work despite her impairments. Accordingly, the Commissioner contends that the decision should be affirmed. (ECF No. 8).

## V.    **Relevant Evidence**

The undersigned has reviewed all of the evidence before the Court. Claimant's challenge concerns the testimony of Claimant's mother. Accordingly, the testimony relevant to that issue is summarized below.

At the administrative hearing, Claimant's mother, Mescal Rose, testified regarding Claimant's medical history, daily functioning, and the limitations that she personally observed. Ms. Rose explained that she was present when Claimant suffered a heart attack and that she performed cardiopulmonary resuscitation ("CPR") on Claimant for approximately twenty minutes before emergency responders arrived. (Tr. 469). Ms. Rose testified that Claimant lives in an apartment located next to Ms. Rose's residence, but Claimant frequently stays in a spare bedroom at Ms. Rose's home when Claimant's symptoms worsen or when Claimant is unable to remain alone. (Tr. at 468).

Ms. Rose further testified that Claimant experiences significant and persistent pain. According to Ms. Rose, Claimant sometimes wakes her during the night screaming that she is "hurting so bad." (*Id.*). Ms. Rose also testified that Claimant frequently complains of pain affecting multiple areas of her body, including her arms, feet, legs, and chest. (Tr. 470). Ms. Rose summarized Claimant's overall condition by stating that Claimant is "just a mess." (*Id.*).

Ms. Rose additionally testified that Claimant experiences shortness of breath and difficulty performing routine activities. Ms. Rose stated that Claimant struggles with simple daily tasks such as cooking meals and keeping things organized around the home. (Tr. 468-69). Ms. Rose also testified that Claimant experiences significant memory problems and confusion. According to Ms. Rose, Claimant may become disoriented and get lost even in familiar places. Ms. Rose explained that Claimant can become lost "in an area where she's been a couple times a week." (Tr. 468). Ms. Rose further indicated that Claimant's symptoms may worsen without warning and that Claimant sometimes stays with her for supervision and assistance during those periods. (Tr. 468–70).

5

## VI.    Standard of Review

The issue before the Court is whether the final decision of the Commissioner is based upon an appropriate application of the law and is supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") defined "substantial evidence" to be:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). When examining the Commissioner's decision, the Court does not conduct a de novo review of the evidence to ascertain whether the claimant is disabled. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Instead, the Court's role is limited to ensuring that the ALJ followed applicable Regulations and Rulings in reaching his decision, and that the decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456. If substantial evidence exists, the Court must affirm the Commissioner's decision "even should the court disagree with such decision." *Blalock*, 483 F.2d at 775.

## VII.    Discussion

Claimant argues that the ALJ erred by failing to adequately consider her mother's testimony. (ECF No. 7). The Commissioner responds that the governing regulations do not require an ALJ to articulate how evidence from nonmedical sources was considered and that the ALJ nevertheless acknowledged the testimony in the written decision. (ECF No. 8).

6

The Social Security regulations applicable to this case do not require ALJs to articulate how they considered evidence from nonmedical sources when evaluating a claimant's disability claim. 20 C.F.R. §§ 404.1520c(d), 416.920c(d). Those regulations provide that, although the Commissioner considers evidence from nonmedical sources, an ALJ is not required to articulate how [he] considered evidence from nonmedical sources. *Id.* The articulation requirements imposed by the revised regulations apply to medical opinions and prior administrative medical findings, but not to statements from family members or other lay witnesses. Accordingly, the absence of a detailed discussion of a lay witness statement does not constitute reversible error where the decision demonstrates that the ALJ considered the record as a whole. As noted, judicial review of the Commissioner's decision is limited, and the Court must affirm the decision if it is supported by substantial evidence and the correct law was applied. *Hays*, 907 F.2d at 1456.

The decision in this case reflects that the ALJ acknowledged the testimony provided by Claimant's mother during the administrative hearing. (Tr. 405). The ALJ specifically noted Ms. Rose's testimony concerning Claimant's cardiac event and related issues, including memory problems. (*Id.*). This reference confirms that the ALJ was aware of the testimony and considered it as part of the overall evidentiary record. Claimant nevertheless contends that the ALJ should have provided a more detailed discussion of Ms. Rose's testimony. The governing regulations, however, do not require an ALJ to articulate how evidence from a nonmedical source was evaluated. 20 C.F.R. §§ 404.1520c(d), 416.920c(d). The absence of a more extensive discussion of the testimony therefore does not constitute reversible error.

The decision also demonstrates that the ALJ evaluated Claimant's allegations

7

concerning the severity of her symptoms and functional limitations when determining Claimant's RFC. (Tr. 404–10). In assessing Claimant's RFC, the ALJ considered the medical evidence, the treatment history, and Claimant's own statements regarding her symptoms and limitations. (*Id.*). The testimony from Claimant's mother largely concerned the same types of limitations described by Claimant herself, including pain, shortness of breath, memory issues, and difficulty performing daily activities. The ALJ evaluated Claimant's allegations concerning pain, shortness of breath, and other symptoms when assessing the intensity and persistence of her symptoms and determining Claimant's RFC. Therefore, the ALJ's analysis of Claimant's symptoms addressed the same functional concerns raised in Ms. Rose's testimony.

Nothing in the record indicates that the ALJ ignored the testimony or failed to consider it altogether. The decision demonstrates that the ALJ was aware of the testimony and considered the record as a whole in determining whether Claimant's impairments prevented her from performing work existing in significant numbers in the national economy. That level of consideration is sufficient under the governing regulations and permits meaningful judicial review.

For these reasons, the undersigned **FINDS** that Claimant has not demonstrated that the ALJ committed reversible error in evaluating the testimony of Claimant's mother.

## VIII.  **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the District Judge **DENY** Claimant's request for judgment on the pleadings, (ECF No. 7); **GRANT** the Commissioner's request to affirm the decision, (ECF No. 8); **AFFIRM** the final decision of the Commissioner; **DISMISS** this action; and **REMOVE**

this matter from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding Chief District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Judge and a waiver of appellate review by the Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to file this "Proposed Findings and Recommendations" and to provide a copy of the same to counsel of record.

**FILED:** April 7, 2026

Joseph K. Reeder
United States Magistrate Judge

9